**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
Civil Action No. 3:21-cv-00089

| | |
|---|---|
| **SHANNON POWERS**, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br>v.<br><br>**ONE TECHNOLOGIES, LLC,**<br><br>                Defendant. | **CLASS ACTION COMPLAINT** |

## INTRODUCTION

1. This action arises out of Defendant, One Technologies, LLC's ("Defendant"), practice of sending autodialed telemarketing text messages to individuals on the National Do-Not-Call Registry without prior express written consent (or any consent whatsoever), in violation of two separate provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and provisions of the North Carolina General Statute § 75-100, *et seq*.

2. Plaintiff Shannon Powers has done no business with Defendant and has never provided Defendant prior express written consent to send telemarketing text messages to his telephone number.

3. Plaintiff's telephone number was registered on the National Do-Not-Call Registry at the time of the text messages.

4. Accordingly, Plaintiff brings this TCPA action on behalf of himself and two classes of similarly situated individuals under 47 U.S.C. §§ 227(b) and 227(c), and three under N.C. Gen. Stat. §§ 75-102(c)(1), 75-104(a) and 75-105(b).

1

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

6. This Court also has supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367(a), because it is so closely related to the federal claim that they form a single case or controversy.

7. This Court has jurisdiction over Defendant because Defendant conducts business transactions in this District and has committed tortious acts in this District.

8. Venue is proper in this District because Defendant conducts significant amounts of business transactions within this District and because some of the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## PARTIES

9. Plaintiff Powers is, and at all times mentioned herein was, a citizen and resident of Pineville, North Carolina.

10. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

11. Plaintiff is, and at all times mentioned herein was, a "telephone subscriber" as defined by N.C. Gen. Stat. § 75-101(11).

12. Defendant is, and at all times mentioned herein was, a Texas corporation headquartered at 8144 Walnut Hill Ln, Suite 600, Dallas, TX 75231.

13. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

14. Defendant is, and at all times mentioned herein was, a "telephone solicitor" as

defined by N.C. Gen. Stat. § 75-101(10).

## GENERAL FACTUAL ALLEGATIONS

15. Defendant, or someone acting on its behalf and at its direction, sends automated text messages marketing its credit score monitoring services.

16. These text messages come from changing 10-digit numbers or "gibberish" seeming email address (such as dff464a8@6v72mc.com), but all follow the same pattern: they all reference "CScore", "C-Score" or "Credit Score" and contain a link that, when clicked, redirects to a landing page containing another link that, when clicked, re-directs to Defendant's Freescore360.com page.

17. Because each of these text messages were advertising Defendant's services, they constitute telemarketing messages and telephone solicitations.

18. Each of these text messages were sent as part of an automated campaign that generates or pulls numbers from a database and, with limited to no human intervention, sends out mass text messages.

19. Some of these text messages invite the recipient to text "STOP" or "QUIT" to stop the text messages, which is a process indicative of autodialed text messaging.

20. These messages also use gibberish email addresses or short-lifespan/one-way phone numbers (i.e., numbers that are not able to be called or texted back after they're used to send messages), which is also indicative of an automated text messaging campaign.

## PLAINTIFF POWERS FACTUAL ALLEGATIONS

21. Plaintiff Powers is the sole and primary user of a cellular telephone number ending in 9717.

22. Plaintiff Powers' telephone number ending in 9717 has been on the National Do-

3

Not-Call Registry since November 2007.

23. Plaintiff Powers received Defendant's text messages described herein.

24. These text messages include texts on July 30, 31 (twice), August 2 (twice), and August 3, 2020.

25. These text messages did not state clearly the identity of the telephone solicitor and identify the individual making the telephone solicitation at the beginning of the solicitation.

26. Plaintiff Powers never provided prior express written consent (or any consent) to Defendant for these text messages.

## DEFENDANT'S LIABILITY

27. Because Defendant's text messages constitute telemarketing, Defendant was required to obtain prior express written consent from the persons to whom they sent these text messages.

28. "Prior express written consent" is specifically defined by statute as:

[A]n agreement, in writing, bearing the signature of the person called <u>that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice</u>, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.

29. Plaintiff never provided Defendant with any consent, written or otherwise.

30. Accordingly, each of Defendant's telemarketing text messages to Plaintiff using an automatic telephone dialing system violated 47 U.S.C. § 227(b) and N.C. Gen. Stat § 75-104(a).

31. For violations of 47 U.S.C. § 227(b), Plaintiff is entitled to a minimum of $500 per text message.

32. Plaintiff is entitled to $1,500 per text message if Defendant's actions are found to

4

be knowing or willful.

33. For violations of N.C. Gen. Stat. § 75-104(a), Plaintiff is entitled to recover $500 for the first violation, $1,000 for the second violation and $5,000 for the third and any other violation that occurs within two years of the first violation.

34. Because the text messages did not state clearly the identity of the telephone solicitor and identify the individual making the telephone solicitation at the beginning of the solicitation, Defendant's text messages to Plaintiff violated N.C. Gen. Stat. § 75-102(c)(1).

35. For violations of N.C. Gen. Stat. § 75-102(c)(1), Plaintiff is entitled to recover $500 for the first violation, $1,000 for the second violation and $5,000 for the third and any other violation that occurs within two years of the first violation.

36. In addition, the TCPA prohibits making "any telephone solicitation" to a telephone number on the National Do-Not-Call Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c).

37. North Carolina General Statute § 75-102(a) prohibits making "a telephone solicitation to a telephone subscriber's telephone number if the telephone subscriber's telephone number appears in the latest edition of the "Do Not Call" Registry." N.C. Gen. Stat. § 75-102(a).

38. Plaintiff's number was on the National Do-Not-Call Registry prior to the text messages.

39. While the exact number of calls to Plaintiff's telephone numbers will be determined in discovery, Plaintiff has received more than two such telemarketing text messages in a 12-month period, as required by 47 U.S.C. § 227(c) for violations of § 227(c).

40. Accordingly, for violations of 47 C.F.R. § 64.1200(c), Plaintiff is entitled to an additional $500 per text message.

5

41. Plaintiff is entitled to an additional $1,500 per text message if Defendant's actions are found to be knowing or willful.

42. In addition, pursuant to N.C. Gen. Stat. §75-105(b)(2), Plaintiff is entitled to recover $500 for the first violation, $1,000 for the second violation and $5,000 for the third and any other violation that occurs within two years of the first violation.

43. Plaintiff has suffered concrete harm because of Defendant's unwanted and unsolicited telemarketing text messages, including, but not limited to:

- Device storage;
- Data usage;
- Lost time tending to and responding to the unsolicited text messages;
- Invasion of Privacy; and
- Nuisance.

44. These forms of actual injury are sufficient for Article III standing purposes.

## CLASS ACTION ALLEGATIONS

45. Plaintiffs bring this action under Fed. R. Civ. P. 23 on behalf of two categories of proposed "Classes," the "TCPA Classes" and the "North Carolina Classes" as defined as follows:

## THE TCPA CLASSES

Since March 1, 2017, Plaintiff and all persons to whose cellular telephones Defendant One Technologies, LLC placed (or had placed on its behalf) a telemarketing text message using identical, or substantially identical, equipment as the equipment used to place telemarketing text messages to Plaintiff.

("TCPA 227(b) Class")

Since March 1, 2017, Plaintiff and all persons within the United States to whose telephone number Defendant One Technologies, LLC placed (or had placed on its behalf) two or more telemarketing text messages in a 12-month period when the telephone number to which the text messages were sent was on the National Do-Not-Call Registry at the time of the messages.

("TCPA 227(c) Class")

6

## NORTH CAROLINA CLASSES

Since March 1, 2017, Plaintiff and all residents of the State of North Carolina to whose telephone number Defendant One Technologies, LLC placed (or had placed on its behalf) a telephone solicitation when the telephone number to which the telephone solicitation was sent was on the National Do-Not-Call Registry at the time of the messages.

("NC 75-102(a) Class").

Since March 1, 2017, Plaintiff and all residents of the State of North Carolina to whose number Defendant One Technologies, LLC placed (or had placed on its behalf) a telemarketing text message that did not state clearly the identity of the telephone solicitor and identify the individual making the telephone solicitation.

("NC 75-102(c)(1) Class")

Since March 1, 2017, Plaintiff and all residents of the State of North Carolina to whose number Defendant One Technologies, LLC placed (or had placed on its behalf) a telemarketing text message using identical, or substantially identical, equipment as the equipment used to place telemarketing text messages to Plaintiff.

("NC 75-104(a) Class")

(The TCPA Classes and the North Carolina Classes are collectively referred to herein as the "Classes.")

46. Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

47. The Members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

48. The exact number and identities of the persons who fit within the Classes are ascertainable in that Defendant and third parties maintain written and electronically stored data showing:

7

a. The time period(s) during which Defendant placed its text messages;

b. The telephone numbers to which Defendant placed its text messages;

c. The telephone numbers for which Defendant had prior express written consent;

d. The purposes of such text messages;

e. The names and addresses of Class members.

49. The Classes are comprised of hundreds, if not thousands, of individuals nationwide.

50. There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

a. Whether Defendant sends telemarketing text messages or has them sent on its behalf;

b. Whether Defendant obtains prior express written consent;

c. Whether Defendant or someone acting on its behalf sends text messages using an automatic telephone dialing system;

d. Whether Defendant or the entity with which it contracts to send its messages sends solicitation text messages to telephone numbers registered on the National Do-Not-Call Registry;

e. Whether Plaintiff and the Classes were damaged thereby, and the extent of damages for such violations; and

f. Whether Defendant should be enjoined from engaging in such conduct in the future.

51. Plaintiff is a member of the Classes in that Defendant placed two or more calls for telemarketing purposes in a one-year period to their telephone numbers when his telephone

8

number was on the National Do-Not-Call Registry, and these text messages all used an automatic telephone dialing system.

52. Plaintiff's claims are typical of the claims of the Members of the Classes in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

53. Plaintiff and all Members of the Classes have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Classes spent time tending to Defendant's unwanted calls, lost space on their devices, and suffered a nuisance and an invasion of their privacy.

54. Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

55. Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent himself and the Classes.

56. Defendant has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

57. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

58. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

59. Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)
### (On Behalf of Plaintiff and the TCPA 227(b) Class)

60. Plaintiff and the proposed TCPA 227(b) Class incorporate the foregoing allegations as if fully set forth herein.

61. Defendant sent, or had sent on its behalf, telemarketing text messages to Plaintiff's and TCPA 227(b) Class Members' telephone numbers without prior express written consent.

62. Plaintiff's and TCPA 227(b) Class Member's telephone numbers are each assigned to a cellular telephone service.

63. As alleged, these text messages all used an "automatic telephone dialing system."

64. The text messages were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

65. Plaintiff and TCPA 227(b) Class Members are entitled to an award of $500 in statutory damages for each text message, pursuant to 47 U.S.C. § 227(b)(3)(B).

66. Plaintiff and TCPA 227(b) Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

## SECOND CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(c)
### (On Behalf of Plaintiff and the TCPA 227(c) Class)

67. Plaintiff and the proposed TCPA 227(c) Class incorporate the foregoing allegations as if fully set forth herein.

68. Defendant sent, or had sent on its behalf, text messages constituting telephone solicitations to Plaintiff's and TCPA 227(c) Class Members' telephone numbers.

10

69. Plaintiff's and TCPA 227(c) Class Members' telephone numbers were all on the National Do-Not-Call Registry at the time of the text messages.

70. Plaintiff and TCPA 227(c) Class Members each received two or more such text messages in a 12-month period.

71. Plaintiff and TCPA 227(c) Class Members are entitled to an award of $500 in statutory damages for each text message pursuant to 47 U.S.C. § 227(c)(5).

72. Plaintiff and TCPA 227(c) Class Members are entitled to an award of treble damages in an amount up to $1,500 for each text message made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

### THIRD CAUSE OF ACTION
### Violations of N.C. Gen. Stat. § 75-102(a)
### (On Behalf of Plaintiff and the NC 75-102(a) Class)

73. Plaintiff and the proposed NC 75-102(a) Class incorporate the foregoing allegations as if fully set forth herein.

74. Defendant sent, or had sent on its behalf, text messages constituting telephone solicitations to Plaintiff's and NC 75-102(a) Class Members' telephone numbers.

75. Plaintiff's and NC 75-102(a) Class Members' telephone numbers were all on the National Do-Not-Call Registry at the time of the text messages.

76. Plaintiff and NC 75-102(a) Class Members are entitled to an award of $500 in statutory damages for the first violation pursuant to N.C. Gen. Stat. § 75-105(b)(2).

77. Plaintiff and NC 75-102(a) Class Members are entitled to an award of $1,000 in statutory damages for the second violation pursuant to N.C. Gen. Stat. §75-105(b)(2).

78. Plaintiff and NC 75-102(a) Class Members are entitled to an award of $5,000 in statutory damages for the third violation and any other violation that occurs within two (2) years of the first violation.

## FOURTH CAUSE OF ACTION
## Violations of N.C. Gen. Stat. § 75-102(c)(1)
## (On Behalf of Plaintiff and the NC 75-102(c)(1) Class)

79. Plaintiff and the proposed NC 75-102(c)(1) Class incorporate the foregoing allegations as if fully set forth herein.

80. Defendant sent, or had sent on its behalf, text messages constituting telephone solicitations to Plaintiff's and NC 75-102(c)(1) Class Members' telephone numbers.

81. The text messages did not state clearly the identity of the telephone solicitor and identify the individual making the telephone solicitation at the beginning of the telephone solicitation in violation of N.C. Gen. Stat. § 75-102(c)(1).

82. Plaintiff and NC 75-102(c)(1) Class Members are entitled to an award of $500 in statutory damages for the first violation pursuant to N.C. Gen. Stat. § 75-105(b)(2).

83. Plaintiff and NC 75-102(c)(1) Class Members are entitled to an award of $1,000 in statutory damages for the second violation pursuant to N.C. Gen. Stat. §75-105(b)(2).

84. Plaintiff and NC 75-102(c)(1) Class Members are entitled to an award of $5,000 in statutory damages for the third violation and any other violation that occurs within two (2) years of the first violation.

## FIFTH CAUSE OF ACTION
## Violations of N.C. Gen. Stat. § 75-104(a)
## (On Behalf of Plaintiff and the NC 75-104(a) Class)

85. Plaintiff and the proposed NC 75-104(a) Class incorporate the foregoing allegations as if fully set forth herein.

86. Defendant sent, or had sent on its behalf, telemarketing text messages to Plaintiff's and NC 75-104(a) Class Members' telephone numbers.

87. These text messages all used an "automatic dialing and recorded message player."

88. Plaintiff and NC 75-104(a) Class Members are entitled to an award of $500 in statutory damages for the first violation pursuant to N.C. Gen. Stat. § 75-105(b)(2).

89. Plaintiff and NC 75-104(a) Class Members are entitled to an award of $1,000 in statutory damages for the second violation pursuant to N.C. Gen. Stat. §75-105(b)(2).

90. Plaintiff and NC 75-104(a) Class Members are entitled to an award of $5,000 in statutory damages for the third violation and any other violation that occurs within two (2) years of the first violation.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. An order certifying the Classes as defined above, appointing Plaintiff as the representatives of the Classes and appointing their counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. §§ 227(b) and (c);

C. An order declaring that Defendant's actions, as set out above, violate N.C. Gen. Stat. §§ 75-102(a), 75-102(c)(1) and 75-104(a).

D. An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

E.  An award of statutory damages;

F.  An award of treble damages;

G.  An award of reasonable attorneys' fees and costs; and

H.  Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

March 1, 2021

| | |
|---|---|
| s/ Jeremy M. Glapion | s/ Max S. Morgan |
| Jeremy M. Glapion, Esquire | Max S. Morgan, Esquire |
| **THE GLAPION LAW FIRM, LLC** | Eric H. Weitz, Esquire |
| 1704 Maxwell Drive | **THE WEITZ FIRM, LLC** |
| Wall, New Jersey 07719 | 1528 Walnut Street, 4th Floor |
| Tel: 732.455.9737 | Philadelphia, PA 19102 |
| Fax: 732.965.8006 | Tel: (267) 587-6240 |
| jmg@glapionlaw.com | Fax: (215) 689-0875 |
| (*Pro Hac Vice* to be filed) | max.morgan@theweitzfirm.com |
| | eric.weitz@theweitzfirm.com |
| | (*Pro Hac Vice* to be filed) |
| | |
| s/ Ari Marcus | s/ Craig M. Shapiro |
| Ari Marcus, Esq. | Craig M. Shapiro (NC State Bar # 48887) |
| **MARCUS & ZELMAN, LLC** | **LAW OFFICES OF JOHN T. ORCUTT, P.C.** |
| 701 Cookman Avenue, Suite | 1738 Hillandale Road, Suite D |
| Asbury Park, NJ 07712 | Durham, North Carolina 27705 |
| Tel: (732) 695-3282 | Tel: 919.286.1695 |
| ari@marcuszelman.com | Fax: 919.286.2704 |
| (*Pro Hac Vice* to be filed) | cshapiro@johnorcutt.com |
| | *Local Counsel* |

*Counsel for Plaintiff*