# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| SHANNON POWERS, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>One Technologies LLC,<br><br>    Defendant. | CASE No. 3:21-cv-00089-FDW-DCK<br><br>**ONE TECHNOLOGIES, LLC'S SUR-SURREPLY** |

    Plaintiff already engaged in unrestricted jurisdictional discovery in this case, and One Technologies never "rebuffed" or refused any of plaintiff's requests. In fact, plaintiff did not identify any information that he requested that he did not receive informally or through the Zittlau Declaration. If plaintiff truly needed additional jurisdictional discovery then he would have conferred with One Technologies as his counsel represented he would, rather than waiting and seeking it in a sur-reply after One Technologies' motion was fully briefed. Plaintiff has had months to request and obtain any additional needed information, he failed to explain why he did not request it previously, and One Technologies did not misrepresent anything to the Court.

    On March 26, 2021, plaintiff filed a Motion to Issue Pre-Discovery Subpoenas, to which One Technologies consented, requesting to "serve subpoenas on third-party domain registrars and privacy guard services" to identify the entities involved in sending the challenged text messages. (ECF 23.) In that motion, plaintiff represented to the Court that "after compliance with the subpoenas contemplated herein, the Parties will meet and confer on whether additional early non-party discovery is necessary and how to handle such discovery." (ECF 23 ¶ 7.)

    Magistrate Judge Keesler granted the motion on March 26, 2021, stating that "[t]he parties are welcome, and encouraged, to conduct consensual early discovery." (ECF 24.) Plaintiff

subsequently did exactly that: his counsel not only served discovery to third party domain name registrars but also served a subpoena on a separate third-party (The Postal Shoppe) to which One Technologies consented and made informal requests to One Technologies about its alleged affiliation to which it responded via email and the Astra Zittlau declaration referenced in plaintiff's sur-reply.  Neither One Technologies nor the Court objected or sought to restrict any of the discovery plaintiff sought; plaintiff had the opportunity upon seeing Ms. Zittlau's declaration to request additional discovery; and plaintiff's accusation that One Technologies "rebuffed" plaintiff's efforts to conduct discovery is refuted by the facts including the exhibits filed with plaintiff's sur-reply showing that One Technologies responded to plaintiff's informal requests during jurisdictional discovery and "at the outset of litigation." (Dkt. 33-1 at 6, 10.)

Likewise, plaintiff's counsel never sought to meet and confer about any additional discovery he believed was necessary.  Instead, plaintiff filed its opposition which included only a vague alternative request for relief in his opposition to the motion to dismiss. (ECF 28 at 16.) Plaintiff now seeks undefined "unrestricted jurisdictional discovery" as to One Technologies' contacts with North Carolina residents.  However, the *relevant* inquiry is not into One Technologies' contacts with residents of North Carolina *generally* but rather One Technologies' contacts with *this* plaintiff. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477–78 (1985) (requiring "substantial connection" between defendant's forum conduct and plaintiff's claim). With respect to *this* plaintiff, One Technologies already clearly demonstrated that it had no connection with plaintiff that could constitute "forum-related conduct," and no amount of jurisdictional discovery would change the record evidence. (ECF 25 at 11).

For these reasons and those in motion and reply One Technologies filed, the Court should reject plaintiff's belated efforts to seek additional jurisdictional discovery.

2

Dated: July 9, 2021                                                  **VENABLE LLP**


/s/ Ari N. Rothman
Ari N. Rothman (*pro hac vice*)
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Tel: (310) 229-9909
Fax: (310) 229-9901
ANRothman@venable.com


**MCGUIREWOODS LLP**


/s/ Jodie H. Lawson
Jodie Herrmann Lawson (Bar No. 42900)
Kelly A. Warlich (Bar No. 51053)
201 North Tryon Street, Suite 3000
Charlotte, NC 28202
Tel: (704) 343-2329
Fax: (704) 444-8785
jlawson@mcguirewoods.com
kwarlich@mcguirewoods.com

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing document has been electronically filed with the Clerk of Court using the CM/ECF system this 9th day of July, 2021. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

                                      */s/ Jodie H. Lawson*
                                      Jodie H. Lawson